# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Beau Maestas, | Case No.: 2:18-cv-02434-JAD-EJY |
| Petitioner | **Order Granting Motion for Stay and Abeyance** |
| v. | |
| William Gittere, et al., | [ECF No. 32] |
| Respondents | |

Petitioner Beau Maestas moves to stay this capital habeas case while he exhausts claims in state court.[1] The respondents have filed a notice stating that they do not oppose Maestas's motion.[2] I grant the motion and stay this case while Maestas completes his state-court litigation.

## Background

Maestas was convicted in 2006 in Nevada's Eighth Judicial District Court, in Clark County, of first degree murder and other crimes related to "an attack on two children in a trailer located in the CasaBlanca RV Park in Mesquite, Nevada, resulting in the death of one victim and permanent physical injuries to the other victim."[3] After a direct appeal and state habeas proceedings, Maestas initiated this federal habeas action on December 28, 2018.[4] I appointed the Federal Public Defender for the District of Nevada (FPD) to represent him[5] and, with

---

[1] ECF No. 32.
[2] ECF No. 33.
[3] *Maestas v. State*, 275 P.3d 74, 76 (Nev. 2012).
[4] *See* Amended Petition for Writ of Habeas Corpus (ECF No. 21) at 10-17; *see also* Petition for Writ of Habeas Corpus (ECF No. 2).
[5] ECF No. 5.

counsel, Maestas filed an amended habeas petition on November 25, 2019.[6] He now moves to stay this case during the pendency of his exhaustion petition in state court.[7]

**Discussion**

In *Rhines v. Weber*,[8] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[9] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[10] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[11] The Supreme Court's opinion in *Pace v. DiGuglielmo*[12] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[13]

---

[6] ECF No. 21.
[7] ECF No. 32.
[8] *Rhines v. Weber*, 544 U.S. 269 (2005).
[9] *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).
[10] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).
[11] *Id.*
[12] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).
[13] *Pace,* 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278); *see also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

2

Maestas contends that he meets these requirements for a *Rhines* stay, and respondents do not disagree. Focusing on Claims One and Five, as Maestas does, I determine that Maestas has shown good cause for his failure to previously exhaust those claims. With respect to Claim Five, he claims that his state post-conviction counsel was ineffective by not raising ineffective assistance of trial counsel claims.[14] For Claim One, he theorizes that the State's violation of its obligations under *Brady v. Maryland*[15] invalidated his guilty plea and deprived him of impeachment evidence in relation to the State's case at the penalty retrial.[16]

I also find that Maestas has sufficiently shown that his unexhausted claims are potentially meritorious,[17] and there is no showing that Maestas has engaged in intentionally dilatory litigation tactics.[18] I thus conclude that the requirements for a *Rhines* stay of this action pending exhaustion of Maestas's claims in state court are satisfied, and I grant Maestas's motion for a stay.

In exercising my discretion, I recognize the Nevada Supreme Court's holding in *Crump v. Warden*,[19] under which there is a possibility that the Nevada courts may consider Maestas's unexhausted claims on their merits upon a showing of ineffective assistance of his post-conviction counsel. My intention is that this will be the last time that this action is stayed to facilitate exhaustion of claims in state court. Maestas must therefore exhaust all of his unexhausted claims in state court during the stay imposed by this order.

---

[14] *See* Motion for Stay and Abeyance, ECF No. 32 at 4.
[15] *Brady v. Maryland*, 373 U.S. 83 (1963).
[16] *See id*. at 5.
[17] *See id*. at 5–6.
[18] *See id*. at 6; *see also* Non-Opposition to Motion for Stay and Abeyance, ECF No. 33.
[19] *Crump v. Warden*, 934 P.2d 247 (Nev. 1997).

3

IT IS THEREFORE ORDERED that Maestas's Motion for Stay and Abeyance **[ECF No. 32] is GRANTED**. **This action is STAYED while Maestas exhausts his unexhausted claims for habeas corpus relief in state court.**

IT IS FURTHER ORDERED that **Maestas must file a status report by June 15, 2020, describing the status of his state-court proceedings, and he must file a status report every six months thereafter** (on or before December 15, 2020; June 15, 2021; etc.) **until this stay is lifted.** Respondents may, if necessary, file a response to any of those status reports within 15 days after each of Maestas's filings, and Maestas will have 15 days from any response to file a reply.

IT IS FURTHER ORDERED that **Maestas must move to lift this stay within 30 days after the conclusion of his state court proceedings.** If Maestas does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during this stay, the court may entertain a motion by respondents to dismiss this action.

Dated: December 12, 2019

_____
U.S. District Judge Jennifer A. Dorsey